Middleton, J.
The “Uniform Dependent’s Act” was enacted by the Ohio General Assembly in 1951 and became Sections 8007-1 to 8007-19, inclusive, General Code. It is substantially identical with Act No. 50 of the General Assembly of Pennsylvania, which also became effective in 1951.
Section 2 of the act defines the words and terms used therein, including:
“(5) ‘Law’ includes both common and statute law.
i Í * # #
“(7) ‘Obligor’ means any person owing a duty of support.
“ (8) ‘ Obligee ’ means any person to whom a duty of support is owed. ’ ’
The greater portion of the act is procedural in nature. The question at issue arises under sections 4 and 7 thereof which are as follows:
“Section 4. * * * The duty of support imposed by the laws of this state or by the laws of the state where the obligee was present when the failure to support commenced, as provided in section 7, and the remedies provided for enforcement thereof, including any costs or penalty imposed thereby, bind the obligor regardless of the presence or residence of the obligee,”
*458 “Section 7. * * * Duties of support enforceable under this law are those imposed or imposable under the laws of any state where the alleged obligor was present during the period for which support is sought, or where the obligee was present when the failure to support commenced, at the election of the obligee.”
The laws of Pennsylvania and Ohio differ with respect to the obligation of a son to support his father. Section 12431, General Code of Ohio (Section 2901.42, Revised Code), provides:
“No person shall be required to furnish a parent with shelter, food, care or clothing, if such parent abandoned, deserted or wilfully refused or neglected to support and maintain him while an infant under sixteen years of age.”
There is no such provision in the laws of Pennsylvania. The record discloses without dispute that the respondent while under 16 years of age was abandoned by his father. Under Ohio law the respondent is not obligated to furnish or contribute to the father’s support. Inasmuch as the laws of Pennsylvania, if available to the father, would afford him relief not obtainable under the law of Ohio, he elected, under section 7 of the act, to claim the benefits of the Pennsylvania law.
Thus is posed the question at issue: Will the Ohio courts compel respondent to make payments under Pennsylvania law notwithstanding an Ohio statute which specifically relieves him of liability for such payments ?
This is a novel question — a normal offspring of novel legislation.
The respondent is a citizen and resident of Ohio. He is entitled to all the rights and privileges accorded by the laws of Ohio to its citizens. He is entitled to the equal protection of its laws. Subjecting him to the making of support payments compulsory under the *459 law of another state, as to which payments the law of Ohio specifically exempts all Ohio citizens similarly situated, is violative of his right to equal protection.
We agree with the conclusion of the Court of Appeals that the duty of respondent to contribute to the support of his indigent father must be determined under the provisions of the law of Ohio, and that the judgment of the Common Pleas Court is contrary to law. This conclusion is reached without giving consideration to the evidence as to the ability of the respondent to pay.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman and Lamneck, JJ., concur.
Taet, Hart and Stewart, JJ., dissent.